UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JOHN CHINNICI,<br><br>        Plaintiff<br>    v.<br><br>CENTURION OF VERMONT, LLC;<br>CODY BAKER, Correctional Officer<br>at MVRCF,<br><br>        Defendants. | :<br>:<br>:<br>:   File No. 1:16-cv-264-jgm<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

ORDER
(Docs. 13, 14)

John Chinnici, a Vermont inmate proceeding pro se, was granted leave to proceed in forma pauperis in October 2016 (Doc. 2) and his complaint against Defendants Centurion of Vermont, LLC and Cody Baker, in his official capacity as a Correctional Officer at Marble Valley Regional Correctional Facility, was thereafter filed (Doc. 4). In December, Centurion of Vermont filed an answer (Doc. 9) and Defendant Baker filed a motion to dismiss (Doc. 12). Chinnici has not filed a response to the motion to dismiss. In January, Chinnici filed a Request for Counsel (Doc. 13) and Defendants filed a motion for proposed discovery schedule (Doc. 14).

In his request, Chinnici notes he received a discovery schedule to sign if he agreed to the suggested dates. (Doc. 13 at 1.) He requests the Court appoint him counsel "to conduct depositions, prepar[e] final reports . . . and to afford [himself] and said counsel enough time to properly prepare . . . for trial." Id. at 3. Unlike in criminal cases, indigent civil litigants are not entitled to counsel. Leftridge v. Conn. State Trooper Officer #1283, 640 F.3d 62, 68 (2d Cir. 2011); compare U.S. Const. amend. VI. A district judge may request an attorney represent a person unable to afford counsel in a civil case. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). The district court retains broad discretion in deciding whether to appoint counsel under § 1915(e)(1). See Hodge v. Police Officers, 802 F.2d 58,

60 (2d Cir. 1986). The Court should first determine "whether the indigent's position seems likely to be of substance." Id. at 61. If so, factors to be considered are the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the indigent's ability to present the case, the complexity of the legal issues and any special reason why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge, 802 F.2d at 61-62.

At this early stage of the litigation, the Court declines to request counsel for Chinnici. The merits of his claims are uncertain. Baker's pending motion to dismiss will require the Court to examine the merits of a portion of Chinnici's case. Further, because discovery has not begun, application of the Hodge factors would be conjecture. If, as the case progresses, it becomes apparent the case has merit and Chinnici is unable to proceed competently without counsel, he may resubmit a motion for appointment of counsel. Chinnici's current motion, however, is denied without prejudice.

Defendants' motion for proposed discovery schedule (Doc. 14) is granted. The discovery schedule submitted by Defendants (Doc. 14-1) is reasonable and shall be adopted by the Court. If it becomes necessary, the parties may move to extend the schedule.

For the reasons discussed above, Plaintiff Chinnici's request for counsel (Doc. 13) is DENIED without prejudice and Defendants motion for proposed discovery schedule (Doc. 14) is GRANTED. Chinnici is further granted a sua sponte extension to respond to Defendant Baker's motion to dismiss. A response may be filed on or before February 17, 2017.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of January, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge